IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE N. ANDERSON,<br>    Plaintiff, | § § § § | |
| v. | § § | 3:14-CV-2682-P-BK |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, et al.,<br>    Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's *pro se* complaint was automatically referred to the United States Magistrate Judge. The Court granted the motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

On July 25, 2014, Plaintiff sued the Department of Homeland Security/Federal Protective Services for "[d]isability discrimination due to . . . lack of assistive devices to perform [his] job." [Doc. 1 at 1]. His amended complaint names the United States Department of Homeland Security and Secretary Jeh Johnson, alleging in its entirety:

> Amended Complaint - 1.  Discrimination by Civil Rights Act of 1964, denial of Due Process, and Title I of the Americans with Disibilities [sic] Act of 1990 for the Agency's failure to provide Reasonable Accomaccommodations [sic].
>
> 2. Violation of CRA 1964 when an unacceptable performance evaluation was received and was unfair due to the documented disease and lack of accommodations with the tools or training needed to perform the reassigned duties.

Doc. 15 at 1.

In answer to the Court's questionnaires, Plaintiff asserts employment discrimination under Title VII, the American with Disabilities Act (ADA), and the Rehabilitation Act. Doc. 16 at 4; Doc. 22 at 14-15. He claims discrimination based on race and disability, retaliation for filing a prior claim with the Equal Employment Opportunity Commission (EEOC), and a due process violation. Doc. 16 at 4; Doc. 22 at 14-15. Plaintiff requests monetary damages. Doc. 16 at 4; Doc. 22 at 16.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The Court liberally construes Plaintiffs' filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. RULE CIV. PROC. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff fails to state a claim on which relief can be granted.

At the outset, the Court notes that it lacks jurisdiction over Plaintiff's employment discrimination claims because he fails to show that he exhausted his administrative remedies. Before bringing suit under Title VII, the ADA, or the Rehabilitation Act, a federal employee claiming discrimination must first exhaust his administrative remedies. *See Atkins v. Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009) (citing *Tolbert v. United States,* 916 F.2d 245, 248 (5th Cir. 1990)); 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407 ("[A] federal employee otherwise eligible to proceed to district court with [his] Title VII, ADEA, or Rehabilitation Act employment discrimination claim may only do so '[w]ithin 90 days of the [Equal Employment Opportunity] Commission's final action on appeal,' or 'after 180 days from the date of the filing of an appeal with the Commission if there has been no final decision by the Commission.'"). Compliance with Title VII administrative exhaustion requirements of 42 U.S.C. § 2000e-16 is a jurisdictional requisite for federal employees. *Brown v. General Services Administration,* 425 U.S. 820, 829-831 (1976); *Munoz v. Aldridge,* 894 F.2d 1489, 1494 (5th Cir. 1990) (noting the impact of sovereign immunity on section 2000e-16 cases); *Tolbert,* 916 F.2d at 247 (noting that failure to exhaust administrative remedies deprives a district court of jurisdiction).

Plaintiff's original and amended complaints are silent about exhaustion of administrative remedies. Doc. 1 at 1; Doc. 15 at 1. In answer to the Court's questionnaire, Plaintiff states that he filed a complaint with the EEOC on May 12, 2009, raising claims under Title VII, the ADA, and the Rehabilitation Act, and that a final ruling in favor of the DHS was issued in December 2010. Doc. 22 at 15, Ans. 10, 14. While Plaintiff "cannot recall receiving a dismissal and notice of rights from the EEOC," Doc. 22 at 15, Ans. 11, 14-15, he encloses a January 6, 2012 letter from his attorneys, advising that they had filed an appeal with the EEOC from the December

2010 Final Agency Decision, and that in June 2011 the DHS had responded to the appeal. Doc. 22 at 17. In the letter, Plaintiff's attorney also advised that, although the EEOC had yet to issue a decision on the appeal, Plaintiff had the opportunity to take additional steps to pursue his claims because more than 180 days had passed since the filing of the appeal. Doc. 22 at 17.

Plaintiff's pleadings do not address the status of the EEOC appeal and a search of this Court's records reflects no prior action by Plaintiff. Moreover, on July 24, 2014, Plaintiff personally wrote the EEOC's Office of Federal Operations requesting to appeal and seeking reconsideration of the "erroneous decision by the administrative judge." Doc. 1 at 3-4 (for copy of Plaintiff's letter). It is, thus, unclear if and when the EEOC issued a "final action" on Plaintiff's appeal. Accordingly, absent reasonable allegations and/or a sufficient showing of exhaustion of administrative remedies, the Court lacks jurisdiction over Plaintiff's employment discrimination claims.

Plaintiff also alleges "the Violation of his Civil Rights and the denial of Due Process." Doc. 9 at 1; Doc. 15 at 1. When asked to expound on that claim, he states: "I am asserting due process violation because I was given the equal opportunity to address my issues." Doc. 22 at 15, Ans. 16. He also avers, "I was demoted. I was denied reasonable accommodations in order to keep my position. I was placed on performance improvement plan (PIP)." Doc. 22 at 15, Ans. 16. With respect to the date of the alleged due process violations, he responds: "Please refer to date that are already provided." Doc. 22 at 15, Ans. 16; Doc. 22 at 14, Ans. 4-5, 9.

Insofar as Plaintiff raises a civil rights claim for due process violations against Jeh Johnson, Secretary of the Department Homeland Security, under *Bivens v. Six Unknown Named Agents of Fed Bureau of Narcotics*, 403 U.S. 388 (1971), his claim is time barred. Because Plaintiff alleges the events at issue occurred between his May 15, 2009 demotion and his August

17, 2010 retirement/termination, the deadline for filing suit was not later than August 17, 2012. *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (statute of limitations in Bivens action is two years, the limitations period governing personal injuries under Texas law); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (court can raise affirmative defense of statute of limitations sua sponte in *in forma pauperis* actions). However, Plaintiff filed his complaint on July 25, 2014. Doc. 1 at 1.

In any event, even if timely filed, Plaintiff's conclusory declaration that Defendant Johnson's actions deprived him of due process does not "raise [his] right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555. Plaintiff offers nothing more than "labels and conclusions." *Id*. While Rule 8(a), of the Federal Rules of Civil Procedure, does not require a plaintiff to include detailed factual allegations, a litigant must still provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has clearly failed to present more than a "naked assertion" devoid of "further factual enhancement." *Id.* at 557. Accordingly, Plaintiff has failed to state a due process claim that is plausible on its face.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend the complaint prior to dismissal. *See* Brewster v. Dretke, 587 F.3d 764, 767−68 (5th Cir. 2009). Here, even taking Plaintiffs' factual assertions as true, the claims are fatally infirm for all the reasons discussed. **Nevertheless, Plaintiff is granted 14 days from the date of this Recommendation to amend the complaint to state a viable claim for employment discrimination under Title VII, the ADA, and/or the Rehabilitation Act against one or more Defendants.** If Plaintiff fails to do so, the Court should dismiss this case with prejudice for failure to state a claim. *See* Brown v.

Texas A&M Univ., 804 F.2d 327, 334 (5th Cir. 1986) ("Unless we have searched every nook and cranny of the record, like a hungry beggar searching a pantry for the last morsel of food, and have determined that 'even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability,'" he must be permitted to amend his claim if he can do so.).

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiffs' employment discrimination claims under Title VII, the American with Disabilities Act, and/or the Rehabilitation Act be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction unless Plaintiff amends his complaint, **within 14 days of the date of this recommendation**, to allege a viable claim against one or more Defendants.

It is further recommended that the due process claim be summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.  See 28 U.S.C. § 1915(e)(2)(B).

SIGNED May 7, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE