IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE N ANDERSON, § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| v. § | 3:14-CV-02682-P-BK | |
| § | | |
| US DEPARTMENT OF HOMELAND § | | |
| SECURITY et al., § | | |
| Defendants. § | | |
| § | | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this *pro se* case. Although Plaintiff did not file objections, he submitted a letter request to remand to the Equal Employment Opportunity Commission (EEOC) on June 17, 2015. Doc. 28. In light of Plaintiff's *pro se* status, the Court liberally construes his request as both a motion to remand and as an objection to the Magistrate Judge's recommendation.

I.

On July 25, 2014, Plaintiff filed a *pro se* complaint alleging "[disability discrimination due to a lack of assistive devices to perform [his] job." Doc. 1 at 1. Enclosed with the complaint was a copy of a July 24, 2014 letter to the Office of Federal Operations ("OFO") of the EEOC, Carlton M. Hadden, Director, requesting "an appeal to the claim that I feel has been issued due to an erroneous decision by the administrative judge." Doc. 1 at 3. In the closing paragraph, Plaintiff "ask[ed] for a reconsideration of the decision." Doc. 1 at 4.

After granting Plaintiff an opportunity to amend and twice requesting him to answer the Court's questionnaire, the Magistrate Judge recommended that his employment discrimination

claims be dismissed for lack jurisdiction because Plaintiff had failed to show that he has exhausted his administrative remedies.[1]  Doc. 24 at 3-4.  His original and amended complaints were silent about exhaustion of administrative remedies and, in answer to the Court's questionnaire, he affirmed that he did not recall a right to sue letter from the EEOC, although he enclosed a January 2012 letter from his attorney advising that they had filed an appeal with the EEOC from the December 2010 Final Agency Decision.

In his motion to remand, Plaintiff requests that his case "be remanded back to the EEOC to go through the EEOC administrative process."  Doc. 28 at 1.  He states that he "initially requested an appeal for [his] claim to the Office of Federal Operations Mr. Carlton Hadden, Director."  Doc. 28 at 1.  Plaintiff references his letter of July 24, 2014 to the OFO and states that he "initially requested an appeal for [his] claim to the Office Federal Operations, Mr. Carlton Hadden, Director."  Doc. 28 at 1.  He also notes that in May 2015 the Dallas EEOC office, where he had turned for assistance, advised him that "this case should not have been in the district court" because "the EEOC administrative process has not be[en] exhausted."  Doc. 28 at 1.  In an e-mail response, attached to the motion to remand, the Dallas EEOC office also advised Plaintiff that he "did get a decision from OFO" and "someone other than OFO had filed that appeal to the district court."  Doc. 28 at 4.  In a subsequent e-mail to the EEOC, Plaintiff (with the assistance of Ms. Garilyn Abellard) requested a copy of the OFO decision.  Doc. 28 at 5.  However, no additional information about the OFO decision or other attempts to exhaust administrative remedies has been filed in the case.

---

[1] The Magistrate Judge also recommended that Plaintiff's due process claim be summarily dismissed with prejudice for failure to state a claim upon which relief can be granted and Plaintiff has not objected.  Doc. 24 at 4-5.

II.

The District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.  Plaintiff's pleadings, even when liberally construed, fail to clarify whether the EEOC issued a "final action" on his appeal and/or whether any administrative proceeding is currently pending before the EEOC.  Absent reasonable allegations and/or a sufficient showing of exhaustion of administrative remedies, the Court lacks jurisdiction over Plaintiff's employment discrimination claims.  In addition, Plaintiff does not cite to any authority (and the Court has found none) that gives this Court the power to remand a cause of action to the EEOC, when it is unclear whether administrative proceedings are even pending there.  *See* Adger v. Potter, No. 01-CV-2257, 2002 WL 99731 (N.D. Ill. 2002) (denying motion to remand because the plaintiff had not provided any authority to remand to the EEOC "when the cause of action was never before the EEOC due to the failure of the plaintiff to file with the EEOC in a timely manner.").

Accordingly, Plaintiff's objections are overruled.  The Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and **DENIES** Plaintiff's motion to remand to the EEOC.  Doc. 28.

IT IS THEREFORE ORDERED that Plaintiffs' employment discrimination claims under Title VII, the American with Disabilities Act, and/or the Rehabilitation Act are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and that his due process claim is summarily **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B).

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  In support of this

certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation.  See *Baugh v. Taylor,* 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983).[2]  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  See *Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

    SO ORDERED this 3rd day of August, 2015.

 

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

---

[2] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.